**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RICHARD GOMEZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | **CIVIL ACTION B-10-CV-003** |
| UNVERSITY OF TEXAS AT | § | |
| BROWNSVILLE, TEXAS | § | |
| *Defendant.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendant The University of Texas at Brownsville ("UT Brownsville") files its First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition ("Petition"). Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies each and every allegation in Plaintiff's Original Petition except those expressly admitted below.

In addition, Defendant has identified statements in the Petition that are legal conclusions or non-factual statements, rather than factual allegations; no response to those conclusions or statements is required. However, if a response is required, Defendant denies the conclusions and statements in their entirety. Finally, these numbered paragraphs and titles correspond to the paragraphs and titles in the Petition.

### I.    DISCOVERY CONTROL PLAN LEVEL

UT Brownsville denies this paragraph.

### II.    PARTIES

1.    UT Brownsville admits that Plaintiff is an individual, but is without knowledge or information sufficient to form a belief about the truth of the remainder this paragraph.

2.     UT Brownsville admits that it is organized and existing under the laws of Texas, and admits that its address is 80 Fort Brown, Brownsville, Texas 78520, but denies the remainder of the paragraph.

### III.     VENUE

UT Brownsville denies this paragraph.

### IV.     FACTS

1.     UT Brownsville admits the portion of the first sentence beginning with "Plaintiff" and ending with "Brownsville," but denies the remainder of the paragraph.

2.     UT Brownsville admits that Plaintiff moved from Olympia, Washington, to Brownsville, Texas, but denies the remainder of the paragraph.

3.     UT Brownsville admits that Plaintiff was hired as a tenure-track associate professor, but denies the remainder of the paragraph.

4.     UT Brownsville admits that Plaintiff's appointment at UT Brownsville was subject to UT Brownsville's Handbook of Operating Procedures.  UT Brownsville denies the remainder of the paragraph.

5.     UT Brownsville denies this paragraph.

6.     UT Brownsville admits the portion of the first sentence beginning with "[e]ach" and ending with "supervisors," but denies the remainder of the paragraph.

7.     UT Brownsville denies this paragraph.

8.     UT Brownsville is without knowledge or information sufficient to form a belief about the truth of the first and second sentences of this paragraph.  UT Brownsville denies the remainder of the paragraph.

9.      As to the first sentence, UT Brownsville admits that Dr. Juliet V. García, President of UTB and Texas Southmost College, sent Plaintiff a letter notifying him that academic year 2008-09 would be his terminal academic year of appointment, but is without knowledge or information sufficient to form a belief about the truth of the remainder of the first sentence.  UT Brownsville denies the remainder of the paragraph.

10.      UT Brownsville is without knowledge or information sufficient to form a belief about the truth of this paragraph.

11.      UT Brownsville denies this paragraph.

12.      UT Brownsville denies this paragraph.

13.      UT Brownsville denies this paragraph.

14.      UT Brownsville denies this paragraph.

15.      UT Brownsville denies that Interim Dean Gayle Brogdon was Plaintiff's immediate supervisor.  UT Brownsville admits that Plaintiff met with Brogdon and that Brogdon informed Plaintiff that no reason need be given for Plaintiff's non-reappointment and that the decision not to re-appoint Plaintiff was not a grievable matter.  UT Brownsville is without knowledge or information sufficient to form a belief about the truth of the remainder of the paragraph.

16.      UT Brownsville is without knowledge or information sufficient to form a belief about the truth of this paragraph.

17.      UT Brownsville is without knowledge or information sufficient to form a belief about the truth of this paragraph.

18.      UT Brownsville admits that Dr. Juliet V. García, President of UTB and Texas Southmost College, denied Plaintiff's appeal on July 11, 2008 and that Dr. García did not personally interview Plaintiff regarding his appeal.  UT Brownsville denies the remainder of the paragraph.

19.     UT Brownsville denies this paragraph.

20.     UT Brownsville denies this paragraph.

## V.     BREACH OF CONTRACT

21.     No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 21 of the Petition, incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

        a.      UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

        b.      UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

        c.      UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

## VI.     BREACH OF PROMISE

22.     No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 22 of the Petition, and incorporates by reference its responses to all paragraphs and subparagraphs in this Answer.

23.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

## VII.     BREACH OF IMPLIED PROMISE

24.     No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 24 of the

Petition, and incorporates by reference its responses to all paragraphs and subparagraphs in this Answer.

25.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

26.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

27.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

## VIII.   PROMISSORY ESTOPPEL

28.     No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 28 of the Petition, and incorporates by reference its responses to all paragraphs and subparagraphs in this Answer.

29.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer and admits that Plaintiff moved from the State of Washington to Brownsville, Texas, but denies the remainder of the paragraph.

30.     UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

## IX.     1ST AMENDMENT: FREE SPEECH

31.     No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 31 of the Petition, and incorporates by reference its responses to all paragraphs and subparagraphs in this Answer.

32.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

33.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer; admits that freedom of speech is protected by the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution; and denies the remainder of the paragraph.

34.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

## X.    14TH AMENDMENT: DUE PROCESS

35.    No response is required.  Alternatively, UT Brownsville admits that Plaintiff incorporates the facts he has set forth in the paragraphs and subparagraphs preceding Paragraph 35 of the Petition, and incorporates by reference its responses to all paragraphs and subparagraphs in this Answer.

36.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

    a.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

    b.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

    c.    UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this subparagraph.

## XI.    ATTORNEY'S FEES

37.    As to the first sentence, UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer; admits that Plaintiff has engaged Ruben R. Peña as his attorney; is without knowledge or information sufficient to form a belief about the truth of the allegations that follow the word "matter"; and denies the remainder of the sentence.  As to the second sentence, UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer; admits that Plaintiff requests attorney's fees and costs; and denies the remainder of the sentence.

38.    UT Brownsville admits this paragraph.

## XII.    PLAINTIFF'S PRAYER

UT Brownsville incorporates by reference its responses to all paragraphs and subparagraphs in this Answer, and denies this paragraph.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    UT Brownsville asserts sovereign immunity, and all other applicable immunities to suit and/or liability, as to any and all claims to which those defenses may apply.

2.    UT Brownsville is not the proper party to be sued for Plaintiff's First and Fourteenth Amendment claims.

3.    Plaintiff has failed to mitigate his damages.

4.    UT Brownsville asserts the affirmative defense of limitations for any claims outside the applicable limitations period.

5.    UT Brownsville reserves the right to add additional affirmative defenses as they become known.

**DEFENDANT'S PRAYER**

UT Brownsville requests that the Court enter a judgment that Plaintiff take nothing by this suit, that Plaintiff's claims be dismissed with prejudice, and that UT Brownsville be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Allison V. Eberhart
**ALLISON V. EBERHART**
Texas Bar No. 24036515
Southern District I.D. No. 33849
**ERIC L. VINSON**
Texas Bar No. 24003115
Southern District I.D. No. 22186
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*Attorneys for The University of Texas at Brownsville*

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that a true and correct copy of the foregoing document has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Brownsville Division, on June 1, 2010 to:

   Ruben R. Peña
   Law Offices of Ruben R. Peña
   700 Paredes Ave., Suite 103
   Brownsville, Texas 78520

         /s/ Allison V. Eberhart_____
         **ALLISON V. EBERHART**
         Assistant Attorney General